CLYDE F. GREEN v. THE STATE.

No. 23657. Delivered May 14, 1947.

G. C. *Harris,* of Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of whisky for the purpose of sale in a dry area and fined the sum of $100.00.

The facts proven show that two police patrolmen were patrolling the streets of the city of Greenville in the early morning hours of June 29, 1946, and while engaged in such duties they saw a car in front of them moving down Jordan Street; that they turned off their lights and followed such car about a block behind. Soon thereafter this car stopped in front of a mule barn on the north side of Jordan Street, and someone got out of such car, but the patrolmen were too far away to recognize this person, who went into the hallway of this feed barn. The officers immediately went down to such barn, flashed their lights into the hallway and there saw appellant, who was leaning up against a banister or fence which separated the feed barn and the mule barn. Near the appellant was a half-bushel galvanized bucket containing thirteen pint bottles of "P. M. Whiskey", the bucket being within a step or two of where he was standing. The officers saw this whisky, and turning to appellant, said, "Let's go", and his answer was, "All right". They then placed appellant and the whisky in the car together and started to the police station. On the way and a few minutes after they had started appellant asked the officers what "his fine would be and how long before he could get out up there."

Appellant did not take the witness stand, but it was shown by his brother that he worked at this feed barn, which seemed to be separated from the mule barn by the hallway in which appellant was found standing at the time of his arrest.

We are of the opinion that the facts presented are insufficient to show that appellant was in possession of this bucket of whisky, and especially is this so in view of the fact that the trial court submitted this matter to the jury upon a correct

charge on circumstantial evidence. There is nothing to show appellant's connection with this whisky save the fact that he was standing in close proximity thereto.

True it is that he made a statement relative to his arrest, but this was made in such a short period of time as to bring the same within the rule of res gestae, so we think. See 18 Tex. Jur. p. 312, et seq., secs. 193 and 194. Nevertheless, we are impressed with the fact that the testimony here present is not strong enough to exclude every other reasonable hypothesis than that of appellant's guilt.

So believing, this judgment will be reversed and the cause remanded.